RECEIVED ℣

MAY 0 2 2023

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
5:22-CT-3436-M

TERRY CONNER                        )
#75158-011                          )
Butner Medium II                    )
P.O. Box 1500                       )
Butner, NC 27509                    )
                                    )
          Plaintiff,                )
                                    )
JOSE ESQUETINI                      )
Physician's Assistant               )
U.S. Penitentiary Victorville       )
P.O. Box 5400                       )
Adelanto, CA 92301,                 )
                                    )
NADER PEIKAR                        )
Clinical Director - Physician       )
FCC Victorville                     )
13777 Air Base Road                 )
Victorville, CA 92394,              )
                                    )
FRANKLIN A. OLMO                    )     FIRST AMENDED COMPLAINT FOR
Physician                           )     DAMAGES AND A TRIAL BY JURY
FMC Butner                          )
Federal Medical Center              )
P.O. Box 1600                       )
Butner, NC 27509,                   )
                                    )
PATRICK HARMAN                      )
Registered Nurse                    )
FMC Butner                          )
Federal Medical Center              )
P.O. Box 1600                       )
Butner, NC 27509,                   )
                                    )
HEIDI ROGERS                        )
Oncology Nurse                      )
FMC Butner                          )
Federal Medical Center              )
P.O. Box 1600                       )
Butner, NC 27509,                   )
                                    )
REGINALD L. HALL                    )
Medical Officer                     )
FMC Butner                          )
Federal Medical Center              )

1

P.O. Box 1600                                   )
Butner, NC 27509,                               )
                                                )
LOGAN GABRIEL GRADDY                            )
Medical Officer                                 )
FMC Butner                                      )
Federal Medical Center                          )
P.O. Box 1600                                   )
Butner, NC 27509,                               )
                                                )
CHARLES A. CLOUTIER                             )
Medical Officer                                 )
FMC Butner                                      )
Federal Medical Center                          )
P.O. Box 1600                                   )
Butner, NC 27509,                               )
                                                )
R.A.D.M. CHRIS BINA                             )
Assistant Director, Health Services Division    )
Central Office                                  )
Federal Bureau of Prisons                       )
320 First Street, N.W.                          )
Washington, D.C. 20534, and                     )
                                                )
UNITED STATES OF AMERICA,                       )
officially and individually as                  )
                                                )
        Defendants.                             )

## Preliminary Statement

This is a civil rights complaint for a trial by jury, compensatory and punitive damages, as well as injunctive relief concerning the acts and omissions of employees of the United States at the U.S. Penitentiary, Adelanto, CA ("USP Victorville"), the Medical Center for Federal Prisoners, Butner, NC ("FMC Butner"), and the Central Office through Chris Bina, Assistant Director, Federal Bureau of Prisons ("BOP"), Director of BOP Health Services, for violations of Conner's right to be free from cruel and unusual punishment by the individual Defendants in their personal capacities for knowing failure to timely treat skin cancer lesions on Conner's scalp and leg, and against the sovereign United States under the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq* ("FTCA"), and for engaging in a transfer from USP Victorville to FMC Butner as part of a scheme to divest Conner of his access to the

2

courts in litigating this lawsuit.

## PARTIES

1. At all times material to this complaint, Conner was a prisoner confined at USP Victorville and FMC Butner.

2. At all times material to this Complaint, employees of the United States, through their knowing acts and omissions, caused physical injury and knowing infliction of emotional distress through failure to timely and sufficiently treat Conner's various skin cancer lesions and are therefore liable for negligence to the same extent a private person would be in accordance with the law of the place where the act or omission took place, namely California and North Carolina.

3. At all times material to this Complaint, Defendant Esquetini was a Physicians' Assistant at USP Victorville who, working in concert with others, delayed, impeded, or otherwise prevented timely treatment for the cancerous lesion on Conner's scalp; he also coordinated with Defendant Nader Peikar, Clinical Director, USP Victorville, and Defendant Chris Bina, Assistant Director, Central Office, BOP, Washington, D.C., to have Conner transferred to FMC Butner to impede Conner's access to the courts.

4. At all times material to this complaint, Defendant Nader Peikar, was the Clinical Director – Physician at USP Victorville, in charge of the medical staff and overall direction of the treatment and implementation of treatment by outside medical specialists treating prisoners such as Conner; Dr. Peikar was directly responsible for the knowing delays in timely treatment by outside medical specialists, as well as the timely treatment by in-house medical staff at USP Victorville; he also coordinated with Defendant Esquetini and Defendant Bina, to have Conner transferred to FMC Butner to impede Conner's access to the courts.

5. At all times material to this complaint, Defendant Chris Bina was an Assistant Director at the Central Office of the BOP, and is directly responsible for the healthcare delivery system, psychiatric care, infectious disease management, and medical designations throughout the BOP; Defendant Bina, with Defendants Peikar and Equietini, coordinated the transfer of Conner to FMC Butner as a means to

3

impede Conner's access to the courts.

6. At all times material to this complaint, Defendant Franklin A. Olmo was a Physician at FMC Butner, was in charge of the inpatient critical care unit, is a directing physician at the FMC Butner who is one of the parties directly responsible for the knowing delays in Conner's necessary treatment for skin cancer, and the resulting scarring and severe emotional distress.

7. At all times material to this complaint, Patrick Harman was a Registered Nurse at FMC Butner, and is responsible in treating prisoners' medical emergencies, but failed to treat Conner's emergency skin cancer needs and apparent lesions in a timely and sufficient manner resulting in unnecessary scarring and severe emotional distress.

8. At all times material to this complaint, Heidi Rogers was an Oncology Nurse at FMC Butner, and is responsible for treating prisoners' cancers, but failed to treat Conner's skin cancer needs and apparent lesions in a timely and sufficient manner resulting in unnecessary scarring and severe emotional distress.

9. At all times material to this complaint, Reginald L. Hall was a Medical Officer at FMC Butner, and is responsible for attending to prisoners' medical needs, including cancer, but failed to treat Conner's skin cancer needs and apparent lesions in a timely and sufficient manner resulting in unnecessary scarring and severe emotional distress.

10. At all times material to this complaint, Logan Gabriel Graddy was a Medical Officer at FMC Butner, and is responsible for attending to prisoners' medical needs, including cancer, but failed to treat Conner's skin cancer needs and apparent lesions in a timely and sufficient manner resulting in unnecessary scarring and severe emotional distress.

11. At all times material to this complaint, Charles L. Cloutier was a Medical Officer at FMC Butner, and is responsible for attending to prisoners' medical needs, including cancer, but failed to treat Conner's skin cancer needs and apparent lesions in a timely and sufficient manner resulting in unnecessary scarring and severe emotional distress.

4

## JURISDICTION

12. The Court has jurisdiction of this action pursuant to 28 U.S.C. §2671 *et seq.* ("FTCA") for the negligence claims against employees of the United States, and 28 U.S.C. §§1331 and 1346(2); a declaratory judgment is sought pursuant to 28 U.S.C. §§2201(a) and 2202 as this Court may declare the rights and other legal relations of the interested parties; a trial by jury is sought on all issues that may be tried by a jury pursuant to Amend. VII, U.S. Constitution and Rule 38, F.R.Civ.Pro.; the above named, individual Defendants are being sued directly under the 1st Amendment (Peikar, Esquetini, and Bina) and the 8th Amendment (all Defendants) to the Constitution of the United States; Article 1, Section 17 of the Constitution of the State of California (Peikar, Esquetini), and, *inter alia,* Article 1, Section 27 of the North Carolina State Constitution, and a bench trial on claims asserted pursuant to the FTCA. Jurisdiction is proper over the out-of-state Defendants (Peikar, Esquetini, and Bina) for implementing the transfer of Conner to FMC Butner for the purpose of impeding his access to litigating against the California and District of Columbia Defendants, *see Boag v. MacDougall,* 454 U.S. 364, 364-65, 70 L.Ed.2d 551, 102 S.Ct. 700 (1982)(*per curiam*)(prisoner's transfer to another facility not in the same jurisdiction did not moot damages claim where the acts and omissions originally occurred); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 223 (1957); *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985); and which also resulted in 8th Amendment violations. *Loumiet v. United States,* 828 F.3d 935, 943 (D.C. Cir. 2016). Venue is proper pursuant to 28 U.S.C. §1391(b)(3).

## FACTS

13. Conner has sought medical treatment for basal and squamous cell carcinoma located on his head, scalp, and leg, has continuously requested such timely and adequate treatment since the Fall of 2018, both at USP Victorville and at the FMC Butner, but the treatment was purposefully delayed and/or not rendered at all.

14. Although Conner informed Defendant Esquetini and various other medical, clerical, and correctional staff at USP Victorville concerning Conner's skin cancer disease from the Fall of 2018

until he was transferred to FMC Butner on May 31, 2019, Conner was either ignored and denied timely, adequate treatment at USP Victorville by both Defendants Esquetini and Peikar.

15. Conner was transferred to FMC Butner on May 31, 2019, and arrived there on June 12, 2019; this transfer was arranged and coordinated through Defendant Chris Bina of the BOP Central Office, and at the behest of Defendants Esquetini and Peikar and said transfer was utilized to impede Conner's access to the courts, specifically the prosecution of the instant lawsuit.

16. FMC Butner is a Medical Care Level 4 facility which theoretically provides enhanced medical services, including enhanced inpatient care; FMC Butner is affiliated with the Duke University Medical School which provides advanced oncology services; Conner has not received adequate or timely treatment for the basal/squamous cell lesions at FMC Butner, even though he has consistently requested timely treatment.

17. Conner submitted a Standard Form 95 administrative claim with the BOP's Western Regional Office, Stockton, CA, the Mid-Atlantic Regional Office, Annapolis Junction, MD, and the Central Office, Washington, D.C. With each separate submission of the Standard Form 95, he also attached and submitted two (2) additional informational pages which advised each Regional level Director and the Central Office of the BOP that:

> "I went to the institution hospital for a biopsy on March 22, 2019. Medical staff performed three (3) biopsies of the affected scalp lesion, and the biopsies were positive for squamous cell carcinoma. Two (2) of the biopsy cites [sic] healed within ten (10) days, the third cite [sic] would not heal and the lesion began to enlarge. During this time, I would encounter P.[hysician's] A.[ssistant] Esquetini and request to know what the status was concerning the further required treatment and his response was 'you will be going back to the dermatologist soon.' No further treatment occurred. I was only furnished dressings (bandages) for the next seven (7) months while at USP Victorville.
>
> "On May 31, 2019, I was transferred to the Medical Center for Federal Prisoners, Butner, NC ("Butner"). I arrived at Butner on June 12, 2019. I was subjected to a surgical excision on August 23, 2019. The delay in treatment resulted in my having to undergo a painful operation, a skin graft placed on the affected lesion,

permanent scarring, and severe emotional distress because the
lesion has likely metastasized and spread to other parts of my body.
I spent two weeks in recovery at Butner because of the invasive nature
of the scalp surgery.

"There is a remaining area of the lesion that has not healed. It itches,
it throbs, crusts over, breaks open, and bleeds."

Standard Form 95, Addendum, pps.1-2, ¶¶5, 6, 7.

18. On March 20, 2023, Conner requested his Unit Counselor at FMC Butner to furnish Conner the administrative remedy forms necessary for exhaustion of a claim prior to litigating in court, and Conner was advised that his skin cancer claims were not relevant to FMC Butner; the Counselor offered Conner a Standard Form 95; left with no remedy for exhaustion on the individually named Defendants, on March 23, 2023, Conner wrote to the Defendants advising that he would submit the instant amended complaint; there has been no response whatsoever to the March 23, 2023, submission from any party. Exhibit 1, herewith submitted and attached. Defendants have waived reply. *See* 42 U.S.C. §1997e(g)(1) and (2).

## RELIEF REQUESTED

WHEREFORE, Plaintiff Terry Conner requests this Honorable Court to grant the following relief:

A. Issue a declaratory judgment stating that the Defendants' knowing delays in properly evaluating and treating Conner's skin cancer lesions proximately caused ongoing pain, sever scarring, and emotional distress in violation of the 8th Amendment to the U.S. Constitution, Article 1, Section 17 of the Constitution of the State of California, and/or Article 1, Section 27 of the North Carolina State Constitution.

B. Issue a declaratory judgment stating that transfer of Plaintiff from USP Victorville to FMC Butner for the purpose of impeding his access to the court was in violation of the 1st Amendment to the U.S. Constitution.

C. Award punitive and compensatory damages against the individually named Defendants to be determined by a jury at trial.

D. Award the Plaintiff the sum certain of $500,000.00 against the sovereign United States pursuant to the FTCA.

E. Grant such further and additional relief as this Honorable Court deems just and equitable.

7

Dated: April 28, 2023

Respectfully submitted,

Terry Conner
75158-011
Plaintiff, *pro se*
FCI 2
P.O. Box 1500
Butner, NC 27509

## **VERIFICATION**

Pursuant to 28 U.S.C. §1746, Terry Conner, Plaintiff, *pro se,* hereby certifies on oath, that the statements made in the above First Amended Complaint for Damages and a Trial by Jury are true and correct, based on personal information, the record of the case, recollection, and documentation retained by both Conner and the parties to this litigation; and that Exhibit 1 is a true copy of notice mailed to the Defendants in lieu of Bureau of Prisons administrative remedy forms BP-8, BP-9, BP-10, and BP-11, because staff at FMC Butner refused to furnish Conner the administrative remedy forms.

Dated: April 28, 2023

Respectfully submitted,

Terry Conner
75158-011
Plaintiff, *pro se*
FCI 2
P.O. Box 1500
Butner, NC 27509

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he did serve a true and correct copy of the

foregoing Motion for Leave to Submit a First Amended Complaint, memorandum in support of

the motion, Proposed Order, and the First Amended Complaint for Damages and a Trial by Jury,

by placing them in an envelope for delivery by First Class Mail to:

> Michael F. Easley, Jr.
> U.S. Attorney
> Civil Section
> 150 Fayetteville Street
> Suite 2100
> Raleigh, NC 21601,

and that the above was done on the date inscribed below.

Dated: April 28, 2023

Terry Conner
75158-011
Plaintiff, *pro se*
FCI 2
P.O. Box 1500
Butner, NC 27509