IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03436-M

TERRY CONNER, )
)
         Plaintiff, )
)
v. )    **ORDER**
)
PHYSICIAN ASSISTANT )
ESQUETINI, et al., )
)
         Defendants. )

This cause is before the court on plaintiff's non-dispositive motions. See [D.E. 34, 35]. For the reasons discussed below, the court denies these motions.

Relevant Procedural History:

On March 16, 2021, Terry Conner ("plaintiff"), an inmate at F.C.I. Butner ("Butner"), proceeding *pro se* and *in forma pauperis*, filed in the United States District Court for the District of Columbia ("D.D.C. Court") a complaint in reliance upon Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80. See [D.E. 1, 2, 4]. Plaintiff names as defendants the United States, Physician Assistant Esquetini at U.S.P. Victorville, and unknown medical staff at Butner, and generally alleges he received inadequate medical treatment at Bureau of Prisons ("BOP") facilities resulting in lesion growth, poor healing, and invasive surgery. Compl. [D.E. 1] at 1–4.

On July 30, 2021, the D.D.C. Court ordered that, under 28 U.S.C. § 1915(d), summons shall issue as to the named defendants, the U.S. Attorney General, and the District of Columbia.

On February 8, 2022, the United States moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6). Mot. [D.E. 14].

On November 10, 2022, the D.D.C. Court granted in part the motion to dismiss as to the Bivens claims, denied the motion to dismiss as to the FTCA claim, and transferred the action to this court where venue is proper as to the surviving FTCA claim. See Order [D.E. 19].

On April 14, 2023, the court allowed the FTCA claim to proceed against the United States and directed the clerk to terminate as defendants the remaining defendants. Order [D.E. 22].

On May 2, 2023, plaintiff moved for leave to amend his complaint, Mot. [D.E. 26], and filed a proposed amended complaint [D.E. 27]. The Government responded in opposition to the motion for leave to amend. [D.E. 29].

On June 5, 2023, the court denied the motion for leave to amend. Order [D.E. 30].

On June 20, 2023, the Government answered the complaint, Answer [D.E. 32], and moved to establish and initial discovery schedule, Mot. [D.E. 33].

On June 21, 2023, plaintiff filed the instant self-styled "motion to amend the order of June 5, 2023 [sic]." Mot. [D.E. 34].

On October 16, 2023, plaintiff filed the instant motion to compel discovery. See Mot. [D.E. 35]. The Government filed a response in opposition to this motion to compel. [D.E. 36].

Discussion:

The court first considers plaintiff's instant motion to compel discovery. Mot. [D.E. 35]. In support, plaintiff asserts that he has not yet received discovery in this case despite the purported entry of a discovery order by this court on July 13, 2023. Id. at 1. For relief, plaintiff asks that the court direct defendants to immediately produce his medical file. Id.

In its response in opposition, the Government correctly notes that the court had neither entered defendant's proposed scheduling order nor established a different discovery schedule. See [D.E. 36] at 1–2. The Government additionally notes that plaintiff did not oppose the proposed

2

discovery order. Id. at 2. The Government asks that the court deny plaintiff's motion to compel either as premature or for failure to comply with the court's Local Civil Rule 7.1(c). Id. at 6.

Because the court had not yet established a period of discovery when plaintiff filed the instant motion to compel discovery, the court DENIES as premature this motion [D.E. 35].

The court next considers plaintiff's self-styled "motion to amend the order of June 5, 2023 [sic]." Mot. [D.E. 34]. In support, plaintiff seeks to rely upon Federal Rule of Civil Procedure 60(b)(2), (3), (6), and cites to the authorities raised in his June 6, 2023, reply to the Government's response to his motion for leave to amend. Id. at 1. Plaintiff argues that he is excused from exhausting administrative remedies because they are "unavailable" to him. Id. (citing, *inter alia*, McCarthy v. Madigan, 112 S. Ct. 1081, 1087–88 (1992) ("McCarthy")). Plaintiff notes that, on April 19, 2023, he received a response from the Mid-Atlantic Regional Office that rejected his attempts at administrative exhaustion finding that the issue raised was "not sensitive" and that he failed to follow proper BOP exhaustion procedure. Id. at 2. Plaintiff argues that, pursuant to this rejection, "further attempts at exhaustion would be futile and result in no relief." Id. Plaintiff alternatively requests that, should the court "continue to require [plaintiff] to engage in exhaustion of administrative remedies, the Court should amend its order of June 5, 2023, directing staff at [Butner] to furnish [plaintiff] with the appropriate forms, and hold this case in abeyance pending completion of exhaustion." Id. Plaintiff also argues the court erred when it failed to allow his motion for leave to amend because, as the Government had not yet answered, he maintained a right to amend without leave of the court. Id. at 3. For relief, plaintiff asks the court to review his June 6, 2023, reply, and to "issue an additional order considering the above points and authorities." Id.

In his June 6, 2023, reply, plaintiff discusses the April 2023 Mid-Atlantic Regional Office response and argues that administrative procedure "is clearly shown to be inadequate to prevent

3

Case 5:22-ct-03436-M   Document 38   Filed 10/30/23   Page 3 of 6

irreparable injury" and that "exhaustion is not required if, as here, individual federal officials are being sued for monetary damages [sic]." Pl.'s Reply [D.E. 31] at 1–2. Plaintiff also argues that, although his Bivens claims were dismissed in the D.D.C. Court, he "is entitled to a *de novo* review of the issues raised in his proposed amended complaint." Id. at 3–4.

The court liberally construes plaintiff's instant motion as seeking reconsideration of the court's June 5, 2023, interlocutory order denying his motion for leave to amend as futile, see United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003), and considers this motion under the governing standard, see Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017).

First, contra plaintiff's claim that the court failed to sufficiently review the claims in his proposed amended complaint, the court conducted plenary review of the proposed amended complaint before denying as futile plaintiff's motion for leave to amend. See Order [D.E. 30].

Next, the court turns to plaintiff's contention that, despite the Government's prior motion to dismiss, he still had an absolute right to amend his complaint because the Government had not yet served an answer. See Mot. [D.E. 34] at 3 (citing James V. Hurson Assocs., Inc. v. Glickman, 229 F.3d 277, 282–83 (D.C. Cir. 2000)). Under an earlier version of the Federal Rules if Civil Procedure, Rule 15(a) stated "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . " Hurson Assocs., 229 F.3d at 283 (citing Fed. R. Civ. P. 15(a)). Courts interpreted the term "responsive pleading" to refer only to an answer. See 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1483 (3d ed. 2022). Thus, historically, the filing of a motion to dismiss did not prevent a plaintiff from amending the complaint without the leave of the court. Id.; see Domino Sugar Corp. v. Sugar Workers Loc. Union 392 of United Food & Com. Workers Int'l Union, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993) ("A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a).").

4

After a 2009 amendment, however, Rule 15(a) now states that "[a] party may amend its pleading once as a matter of course . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a). The Committee Notes accompanying the rule amendment state that, by including Rule 12(b) motions, these changes "will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments" in a motion to dismiss. See Wright & Miller, *supra*, § 1483 (quoting Committee Note to the 2009 amendment to Rule 15). Thus, the time in which plaintiff may amend his complaint by right now terminates twenty-one days after the filing of a motion to dismiss. Id.

Because, as noted above, the United States moved to dismiss the complaint pursuant to Rule 12(b) on February 8, 2022, plaintiff could not amend the complaint as a matter of right on May 2, 2023, under the current Federal Rules of Civil Procedure. See Fed. R. Civ. P. 15(a)(1)(B); Wright & Miller, *supra*, § 1483; accord Webb v. Kentucky Just. & Pub. Safety Cabinet, Dep't of Police, No. 3:22-CV-00011-GFVT, 2023 WL 2415260, at *2 (E.D. Ky. Mar. 8, 2023). Accordingly, plaintiff fails to show clear error in the prior order's review of his motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a)(2).

Next, although plaintiff contends that he need not exhaust administrative remedies, he fails to show clear error in the prior order's finding that the Prison Litigation Reform Act ("PLRA") requires him to fully exhaust available administrative remedies before bringing an action in court. See Order [D.E. 30] at 5–6 (citing, *inter alia*, 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007)). The binding case upon which plaintiff seeks to rely was superseded by the PLRA. See Booth v. Churner, 532 U.S. 731, 740 (2001) (holding the PLRA requires exhaustion of administrative remedies "regardless of the relief offered through administrative procedures," and acknowledging the PLRA superseded the contrary prior holding in McCarthy).

5

Next, although plaintiff argues the April 2023 rejection from the Mid-Atlantic Regional Office for failure to follow BOP administrative remedy procedures obviates his need to exhaust, he fails to show clear error in the prior order's finding that he had not plausibly alleged BOP administrative remedies as to the claims in his proposed amended complaint were "unavailable" to him. See Order [D.E. 30] at 6 (citing, *inter alia*, Ross v. Blake, 578 U.S. 632, 641 (2016)); see also Woodford v. Ngo, 548 U.S. 81, 90 (2006) (providing successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation, alteration, and internal quotation marks omitted)).

Next, although plaintiff alternatively argues this case should be held in abeyance so he may fully exhaust BOP administrative remedies as to his Bivens claims, the court previously dismissed these claims without prejudice to allow him to bring them in a separate suit after proper exhaustion, and he fails to show clear error in the prior order's finding that his failure to exhaust administrative remedies before filing the complaint cannot be cured by exhausting while this action is pending. See Order [D.E. 30] at 6–7 (citing Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir. 2006) (per curiam) (unpublished)).

Accordingly, after review, the court DENIES plaintiff's motion seeking reconsideration of the court's prior order denying his motion for leave to amend the complaint [D.E. 34].

### Conclusion:

For the above reasons, the court: DENIES plaintiff's self-styled "motion to amend the order of June 5, 2023" [D.E. 34]; and DENIES plaintiff's motion to compel discovery [D.E. 35].

SO ORDERED this 27th day of October, 2023.

Richard E. Myers II
RICHARD E. MYERS II
Chief United States District Judge

6

Case 5:22-ct-03436-M    Document 38    Filed 10/30/23    Page 6 of 6