IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03436-M

TERRY CONNER,

        Plaintiff,

v.

PHYSICIAN ASSISTANT
ESQUETINI, et al.,

        Defendants.

**ORDER**

This cause is before the court on three non-dispositive motions. See [D.E. 53, 55, 58].

First, because plaintiff has not objected to defendants' pending motions to seal his various medical records, and because plaintiff's interest in preserving confidentiality in these records outweighs the public interest in disclosure, the court GRANTS these motions to seal [D.E. 53, 58].

The court now turns to plaintiff's "motion for relief." Mot. [D.E. 55]. Defendant opposes this motion. [D.E. 56]. Plaintiff argues, *inter alia*, that: because full discovery is not completed, he is unable to respond in opposition to defendant's pending motion for summary judgment; he needs documentation regarding an April 2024 examination of his lymph nodes that defendant has not divulged; despite defendant's assurance that he now may contact his expert witness via telephone, he often "has to wait an hour or longer, and most often cannot utilize the telephone at all"; he has written his expert witness and is awaiting the submission of her expert report; he wrote the American Civil Liberties Union of North Carolina ("ACLU-NC") requesting representation; he seeks to enforce compliance with Federal Rules of Civil Procedure 16(c)(2)(P), 34(a)(1)(A), 37(a)(1) and (4); and he seeks denial of defendant's motion for summary judgment under Federal Rule of Civil Procedure 56(d)(1), (2), and (3). See Mot. [D.E. 55] at 1–2.

Plaintiff also asserts that: his attempts to exhaust administrative remedies in 2023 were rejected; the exhaustion process, as implemented, "is 'clearly and unambiguously' illegal [sic]"; exhaustion is not required because he is suing individual federal officials for monetary damages; and his transfer from California to North Carolina impeded his ability to exhaust. See id. at 2–4.

For relief, plaintiff asks the court to deny defendant's "motion for summary judgment pending release to [plaintiff] of all records generated as a result of the CAT Scan taken in April 2024, and records related to treatment of skin disease in [plaintiff's] medical files." Id. at 4.

Plaintiff declares, *inter alia*, that: medical records released by defendant did not include an April 2024 CAT Scan that was "ordered due to inflammation of [his] lymph nodes"; some medical documents are not relevant to this case which involves "adequate and timely treatment for melanoma, squamous and/or Basel cell skin cancers"; contra the court's finding on May 10, 2024, he has been unable to contact his expert witness via telephone because he often has to wait an hour or longer due to inmate lines, he usually cannot use the telephone, and, although the calls are pre-paid, "the accepting party must listen to a tape recorded message, then make a proactive decision to press the correct number key to accept a prisoner telephone call"; he has written his expert witness and is still awaiting the submission of her initial expert report; and he has not been granted permission to make a "legal call" to his expert witness or the ACLU-NC. See id. at 5–6.

Although plaintiff's instant motion reiterates arguments about administrative exhaustion requirements for his claims under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), the court considered and rejected these arguments in a prior order and dismissed his Bivens claims without prejudice to allow plaintiff to raise them in a future action, see Order [D.E. 38] (finding, *inter alia*, the Prison Litigation Reform Act ("PLRA") requires him to fully exhaust available administrative remedies before bringing a Bivens action and superseded

the contrary prior holding in McCarthy v. Madigan, 112 S. Ct. 1081 (1992)). Because there has been no trial or change in applicable law, and because plaintiff fails to show any clear error causing manifest injustice in the court's prior order, the court DENIES this motion to the extent plaintiff seeks reconsideration. See Carlson v. Boston Scientific Corp., 856 F.3d 320, 325 (4th Cir. 2017); American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003).

Next, the court turns to plaintiff's reference to Federal Rule of Civil Procedure 16(c)(2)(P) (providing, "at any pretrial conference, the court may consider and take appropriate action on . . . facilitating in other ways the just, speedy, and inexpensive disposition of the action"). To the extent he seeks a pretrial conference, the court DENIES this request as premature. See McCargo v. Hedrick, 545 F.2d 393, 397 (4th Cir. 1976) (noting pretrial conference is not compulsory under Fed. R. Civ. P. 16); see also E.D.N.C. Local Civil Rule 16.1 (discussing final pretrial conference).

Next, although plaintiff avers to his difficulty contacting the ACLU-NC, there is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); see Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (noting exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." (quotation omitted)), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989). Exceptional circumstances exist where 1) "the plaintiff 'has a colorable claim,'" and 2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quoting Whisenant, 739 F.2d at 162). To make this determination, a district court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

3

Because plaintiff's claims, although nonfrivolous, are not difficult, and because his filings show his ability to adequately present them, the court DENIES this motion to the extent he seeks appointment of counsel.

Next, although plaintiff avers to his difficulty contacting his expert witness via telephone, he does not show good cause for his lack of diligence in failing either to comply with two court-ordered deadlines to disclose an expert report or to seek extensions of time within these court-ordered deadlines. See Fed. R. Civ. P. 16(b), 26(a)(2)(B), (D); see also Faulconer v. Centra Health, Inc., 808 F. App'x 148, 152 (4th Cir. 2020) (unpublished); Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P., No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011).

Next, to the extent plaintiff's instant motion seeks to compel discovery, the court reviews this motion under the governing standard. See Fed. R. Civ. P. 26(b)(1), 34, 37(a); Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995); Erdmann v. Preferred Rsch., Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010).

The court's order establishing an initial discovery schedule directed defendant to produce "all of Plaintiff's medical records that are relevant to the allegations set forth in the complaint that are in the Defendant's possession custody or control." Order [D.E. 39]. Defendant's prior status report stated, *inter alia*, that, on November 8, 2023, defendant produced plaintiff's relevant Federal Bureau of Prisons ("BOP") medical records from 2017 to 2022. See [D.E. 42]. After the court found no showing that additional BOP medical records, aside from those already produced, were relevant to plaintiff's surviving Federal Tort Claims Act ("FTCA") claims, see Order [D.E. 43] at 2, defendant nevertheless certified that, on May 9, 2024, defendant provided plaintiff additional BOP medical records from October 18, 2022, to May 7, 2024, see [D.E. 46-1].

4

Although plaintiff avers the medical records provided by defendant did not include an April 2024 CT scan report, defendant's responsive exhibit indicates that plaintiff possessed this report well before filing the instant motion on July 8, 2024. See [D.E. 57] at 1 (reflecting plaintiff's April 24, 2024, request to staff seeking a recent CT scan with a hand-written notation – "CT: SCAN 4/15/24 – and plaintiff's signature verifying that he received copies on April 30). Moreover, the April 15, 2024, radiologic report at issue reflects a Chest/Abdomen/Pelvis CT scan for an enlarged right inguinal lymph node, see id. at 2, whereas plaintiff's surviving FTCA claims involve purportedly inadequate medical care for a cancerous scalp lesion first observed circa October 2018 and surgically excised on August 23, 2019, see Compl. [D.E. 1]; Compl. Attach. [D.E. 1-1].

In short, to the extent plaintiff seeks to compel production of the April 2024 CT scan report or additional medical records, such materials are neither relevant to his surviving claims nor "proportional to the needs of the case," Virginia Dep't of Corr. v. Jordan, 921 F.3d 180, 188 (4th Cir. 2019), cert. denied, 140 S. Ct. 672 (2019), and defendant has "made a particularized showing why discovery should be denied." Johnson v. N.C. Dep't of Justice, No. 5:16-CV-679-FL, 2018 WL 5831997, at *5 (E.D.N.C. Nov. 7, 2018) (citing Mainstreet Collection, 270 F.R.D. at 241).

Moreover, although plaintiff seeks to rely on Federal Rule of Civil Procedure 37(a), he fails to certify "that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." E.D.N.C. Local Civil Rule 7.1(c)(2); see Boykin Anchor Co., Inc. v. Wong, No. 5:10-CV-591-FL, 2011 WL 5599283, at *3 (E.D.N.C. Nov. 17, 2011) (describing discovery motion requirements under both the federal and local rules).

Accordingly, the court, in its discretion, DENIES this motion to the extent plaintiff seeks to compel discovery. See Lone Star, 43 F.3d at 929; Erdmann, 852 F.2d at 792; see also English v. Johns, No. 5:11-CT-3206-D, 2014 WL 555661, at *4 (E.D.N.C. Feb. 11, 2014).

The court now turns to plaintiff's declaration that he needs "full disclosure of pertinent medical documents relating to the diagnosis and treatment of skin cancer" and he cannot oppose defendant's "summary judgment ploy [sic]." Mot. [D.E. 55] at 5 (citing Fed. R. Civ. P. 56(d)).

Rule 56(d) relief is "broadly favored" and should be "liberally granted" in the context of *pro se* litigation. Jenkins, 109 F.4th at 250 (citation omitted). Nevertheless, the court will deny the requested Rule 56(d) relief here because, as discussed above: 1) plaintiff does not certify he attempted in good faith to resolve discovery disputes with defendant before filing this motion; and 2) his request seeking the April 2024 CT scan and additional medical records beyond those already produced either are not relevant to his surviving FTCA claims or are not "proportional to the needs of the case." Thus, there is no showing that additional discovery is "essential" to justify plaintiff's opposition to defendant's motion for summary judgment. Cf. Fed. R. Civ. P. 56(d); see Hemphill v. Huntley, No. 1:23-CV-156-KDB, 2024 WL 4271579, at *4 (W.D.N.C. Sept. 23, 2024).

Finally, the court, in its discretion, will allow plaintiff an extension of time to file any further response to defendant's motion for summary judgment. The court reminds plaintiff that pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified plaintiff about the motion for summary judgment, the response deadline, and the consequences of failing to respond [D.E. 54], cf. Pledger v. Lynch, 5 F.4th 511, 525–275 (4th Cir. 2021).

For the above reasons, the court: GRANTS defendants' motions to seal [D.E. 53, 58]; DENIES plaintiff's motion for relief [D.E. 55]; but ALLOWS plaintiff twenty-one (21) days from the date of this order to file any further response to defendant's motion for summary judgment.

SO ORDERED this 3d day of January, 2025.

RICHARD E. MYERS II
Chief United States District Judge