IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03436-M

| | | |
|---|---|---|
| TERRY CONNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PHYSICIAN ASSISTANT | ) | |
| ESQUETINI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 16, 2021, Terry Conner ("plaintiff"), a federal inmate at F.C.I. Butner proceeding *in forma pauperis*, filed *pro se* in the United States District Court for the District of Columbia a complaint under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). [D.E. 1, 2, 4].

The United States District Court for the District of Columbia dismissed the Bivens claims and transferred the action to this court as to the FTCA claims. Order [D.E. 19].

The court allowed the FTCA claims to proceed against the United States ("defendant"). Order [D.E. 22].

Defendant moves for summary judgment, Mot. [D.E. 48], and argues, due to his failure to produce an expert medical report, plaintiff cannot establish viable claims, Def.'s Mem. [D.E. 49].

Plaintiff subsequently produced an expert medical report, [D.E. 64], which, under prior court orders, see [D.E. 37, 43, 59], was untimely disclosed, see Fed. R. Civ. P. 26(a)(2)(B), (D).

"Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) or (e) is not allowed to use that witness to supply evidence on a motion. Escape from the

sanction requires a showing that the failure to disclose is substantially justified or harmless." Hoyle v. Freightliner, LLC, 650 F.3d 321, 329 (4th Cir. 2011).

To avoid the "automatic sanction" of exclusion of his expert report under Rule 37(c)(1), plaintiff bears the burden of demonstrating that his untimely disclosure was "substantially justified or harmless." See id.; Bresler v. Wilmington Tr. Co., 855 F.3d 178, 189–90 (4th Cir. 2017); Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014).

The court has "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) ("Southern States"). To make this determination, the court considers the following five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Id. (quoting Rambus, Inc. v. Infineon Technologies AG, 145 F.Supp.2d 721, 726 (E.D. Va. 2001)).

The court directed the parties to address the five Southern States factors in supplemental briefing, see Order [D.E. 65], and the parties filed responses, see [D.E. 67, 69].

After review, the court finds that, despite the surprise of this untimely expert medical report disclosure, defendant has time to cure the surprise, there is no trial disruption, the report is essential to plaintiff's claims, and plaintiff's filings attempt to explain his failure earlier to disclose. Thus, in its discretion, the court finds that plaintiff's untimely disclosure, although not substantially justified, nevertheless was harmless. See Southern States, 318 F.3d at 596 (noting that the primary goal of Rule 37(c)(1) is "preventing surprise and prejudice to the opposing party"); see also Mack v. Turner, No. CV 5:15-03589, 2016 WL 7840216, at *13 (S.D.W. Va. Dec. 13, 2016) (noting that preclusion of evidence would be a severe sanction to impose upon a *pro se* plaintiff), report and

2

recommendation adopted, No. 5:15-CV-03589, 2017 WL 227797 (S.D.W. Va. Jan. 18, 2017); cf. Folse v. McCormick, No. 2:22-CV-00435, 2024 WL 3085143, at *4 (S.D.W. Va. June 21, 2024) (dismissing case as a sanction where the *pro se* plaintiff's failure to comply with multiple deadlines demonstrated bad faith), aff'd, No. 24-1583, 2025 WL 303311 (4th Cir. Jan. 27, 2025); Burns v. Buser, No. CV JKB-18-3100, 2021 WL 1430722, at *3 (D. Md. Apr. 15, 2021) (dismissing case against a defendant as a sanction where the *pro se* plaintiff disregarded earlier, lighter sanctions).

Next, the court turns to plaintiff's emergency motion seeking to enjoin his transfer. See Mot. [D.E. 66] at 1–2 (asserting that: on March 20, 2025, he was informed that because his medical treatment was complete, he would be transferred to U.S.P. Victorville "in the near future"; he still requires close medical supervision; and the transfer was initiated to deny him access to the courts).

Defendant opposes the motion, [D.E. 68], and attaches the declaration of F.C.I. Butner Case Manager Jessica Glancy, [D.E. 68-1] (declaring, *inter alia*, that, as of Apr. 10, 2025, plaintiff was not currently scheduled for a transfer and that, due to his medical status, any redesignation request would be reviewed and determined by the Federal Bureau of Prisons' Office of Medical Designations and Transportation).

Courts issue injunctive relief regarding prison management only in extraordinary circumstances. See Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Supreme Court has rejected the "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Succinctly stated, plaintiff neither makes a "clear showing" of entitlement to the requested injunctive relief, cf. Real Truth, 575 F.3d at 346, nor demonstrates the requisite extraordinary circumstances, cf. Taylor, 34 F.3d at 268–269; see Meachum v. Fano, 427 U.S. 215, 225 (1976) (noting custody classification is in the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts"); O'Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991) (noting inmates have no right to a transfer or a non-transfer).

Next, the court turns to plaintiff's "motion for relief." See Mot. [D.E. 71] (seeking appointment of counsel and expedition of this case, and reiterating his earlier transfer concerns).

There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024) (citations omitted). The court must conduct a fact-specific, two-part inquiry to determine "(1) whether the plaintiff 'has a colorable claim,' and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff 'lacks the capacity to present it.'" Id. at 247 (quotation omitted). To make this determination, the court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Here, plaintiff's FTCA claims, although non-frivolous, are not difficult, and he is able to present them adequately. Additionally, plaintiff's request to expedite is mooted by this order.

Finally, the court turns to defendant's motion for summary judgment. Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine

4

issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

The author of plaintiff's medical expert report, a primary care physician, opines, with a reasonable degree of medical certainty, that critical delays in both the biopsy (at U.S.P. Victorville) and excision of plaintiff's cancerous scalp lesions (at F.M.C. Butner) deviated from the standard of care and led to a preventable bad clinical outcome with sequelae. See [D.E. 64]. Succinctly stated, this report forecasts plaintiff's ability to make out a *prima facie* medical malpractice case under both North Carolina and California law. See 28 U.S.C. § 1346(b); United States v. Muniz, 374 U.S. 150, 150 (1963); Turner v. Duke Univ., 325 N.C. 152, 162, 381 S.E.2d 706, 712 (1989); Hanson v. Grode, 76 Cal.App.4th 601, 606 (1999).

Considering the available record and the reasonable inferences drawn therefrom in the light most favorable to plaintiff, see Scott v. Harris, 550 U.S. 372, 378 (2007), issues of material fact presently preclude entry of summary judgment for defendant, see Anderson, 477 U.S. at 249.

For the above reasons, the court: LIFTS the stay; DENIES WITHOUT PREJUDICE defendant's motion for summary judgment [D.E. 48]; DENIES plaintiff's motions [D.E. 66, 71]; and REFERS the case to Magistrate Judge Robert B. Jones, Jr. for entry of a new scheduling order, to include a period for discovery and a deadline for dispositive motions. The court, however, WARNS plaintiff that future failure to comply with court-ordered deadlines may result in sanctions, up to and including dismissal of the action for failure to comply with court orders.

SO ORDERED this 24th day of March, 2026.

Richard E Myers II
RICHARD E. MYERS II
Chief United States District Judge